UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHRISTOPHER L. TEMPLE,

      Petitioner,

v.

MAUREEN CRUZ, Warden, or
Acting Warden – Federal Prison Camp
Duluth, Minnesota,

      Respondent.

Civil No. 09-604 (RHK/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

In 2004, Petitioner entered into a plea agreement in the United States District Court for the Western District of Wisconsin, by which he pled guilty to federal criminal charges involving mail fraud and money laundering. The trial court sentenced Petitioner to

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

72 months in federal prison, to be followed by three years of supervised release. Petitioner is currently serving his sentence at the Federal Prison Camp in Duluth, Minnesota.[2]

After Petitioner was convicted and sentenced, he filed a direct appeal in the Seventh Circuit Court of Appeals. While that appeal was pending, the Supreme Court handed down its landmark decision in United States v. Booker, 543 U.S. 220 (2005). After Booker was decided, the Court of Appeals invited further briefing on the significance of Booker to Petitioner's case. (Petitioner's Appendix, [Docket No. 2], Appendix J.) Ultimately, however, the Court of Appeals rejected all of Petitioner's claims on the merits, and affirmed his conviction and sentence. United States v. Temple, 150 Fed.Appx. 545 (7th Cir. 2005) (unpublished opinion), cert. denied, 549 U.S. 1018 (2006). The Court expressly held that "we find no Booker error in [Petitioner's] sentence." Id. at 548.

During the course of Petitioner's direct appeal, he repeatedly informed the Court of Appeals that he was dissatisfied with the manner in which his attorney was prosecuting his appeal, and that he wanted to file a pro se brief in support of his appeal. (Petitioner's Appendix, [Docket No. 2], Appendices C14-C20, K1-K3, L1-L3, N1-N3.) The Court of Appeals acknowledged Petitioner's submissions, but denied his requests for relief. (Id., Appendices M, O.) On at least one occasion, the Court of Appeals suggested to Petitioner that if he believed he was being deprived of his right to effective assistance of counsel on appeal, he should present his claim "in a collateral attack," i.e., in a motion for relief under

---

[2] Petitioner has indicated that his release date is November 25, 2009, and that he expects to be transferred to a "halfway house" sometime prior to that date. (Petitioner's "Memorandum and Exhibits in Support of Petition for a Writ of Habeas Corpus," [Docket No. 2], at p. 1.)

28 U.S.C. § 2255.  (Id., Appendix M.)

After Petitioner's conviction and sentence were affirmed by the Court of Appeals, he attempted to discharge his appellate counsel, and bring a pro se petition for rehearing. (Id., Appendices C, Q.) Those efforts were summarily rejected by the Court of Appeals. (Id., Appendices P, R.)

Petitioner sought certiorari review of his conviction and sentence in the United States Supreme Court, but his certiorari petition was denied, and his subsequent petition for rehearing was denied as well.  Temple v. United States, 549 U.S. 1018 (2006); Temple v. United States, 549 U.S. 1158 (2007).  Petitioner later filed a habeas corpus petition directly with the Supreme Court, but that petition was summarily denied.  In re Temple, 128 S.Ct. 342 (2007).  The Supreme Court also denied Petitioner's request for a rehearing on his habeas petition.  In re Temple, 128 S.Ct. 740 (2007).

Despite Petitioner's obvious dissatisfaction with his appellate counsel, there is nothing in any of his extensive submissions to this Court which suggests that he ever followed the advice of the Seventh Circuit Court of Appeals – i.e., that he should file a § 2255 motion raising an ineffective assistance of counsel claim.  Indeed, it appears that Petitioner has never filed any § 2255 motion at all.

In the present § 2241 habeas corpus proceeding, Petitioner is renewing his challenges to his 2004 federal criminal conviction and sentence.  The current petition lists three grounds for relief: (1) that Petitioner's sentence "was unreasonable per U.S. v. Booker;" (2) that the Seventh Circuit Court of Appeals prohibited Petitioner from "raising meritorious claims;" and (3) that the sentencing court erred during the original sentencing procedures by (a) imposing a sentence that did not conform to the terms of Petitioner's

original plea agreement, and (b) failing to "give notice of an upward Guideline departure per Rule 32(h) of the F.R.Crim.P." (Petition, [Docket No. 1], p. 3, § 9.) However, the Court finds, for the reasons discussed below, that none of Petitioner's current habeas corpus claims can be entertained, and that this action must be summarily dismissed for lack of jurisdiction.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255(e) provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his]

4

detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner obviously is challenging the validity of the sentence imposed in 2004 in his federal criminal case in the Western District of Wisconsin. He believes that his sentence was invalid from the outset, that the Seventh Circuit Court of Appeals wrongly failed to correct the trial court's alleged sentencing errors, and that his sentence should now be vacated. Because Petitioner is challenging his original sentence, his present habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.[3]

Petitioner contends that the savings clause applies here, because the Seventh Circuit Court of Appeals did not set aside his sentence on his direct appeal. (See Petitioner's "Memorandum and Exhibits in Support of Petition for a Writ of Habeas Corpus," [Docket No. 2], pp. 15-17.) However, the remedy provided by § 2255 cannot be deemed "inadequate or ineffective" for Petitioner's current claims for relief, simply because

---

[3] In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is barred from seeking relief under § 2255 by reason of the one-year statute of limitations that applies to such motions. 28 U.S.C. § 2255(f). Therefore, it would not be appropriate to treat the present habeas corpus petition as a § 2255 motion, and transfer this matter back to the original trial court. Furthermore, it is clear that Petitioner has no interest in seeking relief under § 2255, (for reasons undisclosed), and he has deliberately eschewed the remedy provided by that statute.

those claims were not resolved in Petitioner's favor on direct appeal.

It is readily apparent that Petitioner's true objective in this case is to have the Minnesota District Court review and overturn the prior decisions of the District Court for the Western District of Wisconsin, and the Seventh Circuit Court of Appeals. Indeed, Petitioner acknowledges that he is seeking relief in this District Court, rather than in the trial court or the Seventh Circuit, because he hopes his claims will get a more sympathetic reception here. In short, Petitioner admits that he is simply forum shopping. (Id., p. 16.)

Our Court, however, has no legal authority to set aside prior rulings by a co-equal district court – not to mention rulings by a federal circuit court of appeals. See Larson v. United States, 905 F.2d 218, 222 (8th Cir 1990) (collateral attack on prisoner's conviction must be summarily dismissed where the prisoner "does no more than disagree with the previous habeas court"). The § 2255 savings clause does not allow a federal prisoner to use a § 2241 habeas corpus petition as a vehicle for re-raising claims that were raised and adjudicated in prior proceedings.

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

Abdullah, 392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Petitioner had an adequate opportunity to raise his current claims for relief in his direct appeal or in a subsequent § 2255 motion. If Petitioner believes that his direct appeal was sabotaged by his attorney, he should have raised an ineffective assistance of counsel claim in a § 2255 motion – as the Seventh Circuit Court of Appeals explicitly advised him to

do. Petitioner's current claims are not based on any new facts, or any new change in the law, that occurred only after his direct appeal was decided. He simply believes that his challenges to his sentence were wrongly adjudicated by the trial court and the Seventh Circuit Court of Appeals, and he wants this Court to give his claims a second look. However, the savings clause is <u>not</u> available for that purpose.

Because Petitioner's current claims were, or could have been, raised on direct appeal, or in a § 2255 motion, the savings clause is not applicable here. It follows that Petitioner's claims cannot be raised in a § 2241 habeas corpus petition, and that this action must be summarily dismissed for lack of jurisdiction. See <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); <u>Abdullah</u>, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

2. This action be summarily dismissed for lack of jurisdiction.

Dated: April 22, 2009         s/ *Jeanne J. Graham*
                              JEANNE J. GRAHAM
                              United States Magistrate Judge

7

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 6, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.